1  Nicholas J. Bontrager, Esq. (SBN 252114)
   Krohn & Moss, Ltd.
2  5055 Wilshire Blvd, Suite 300
   Los Angeles, CA 90036
3  T: (323) 988-2400; F: (866) 802-0021
   Attorneys for Plaintiff,
4

E-filing

**FILED**

JUL - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5       **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

6                              **OAKLAND DIVISION**

7

8  Wendolyn Jackson                    )  Case No.:  **C08-03270**
                                       )
9              Plaintiff,              )  **VERIFIED COMPLAINT AND DEMAND**
                                       )  **FOR JURY TRIAL**
10       vs.                           )
                                       )  **(Unlawful Debt Collection Practices)**
11 Asset Acceptance, LLC               )
                                       )
12             Defendant.              )
                                       )
13

14                              **COMPLAINT**

15      COMES NOW the Plaintiff, WENDOLYN JACKSON ("Plaintiff"), by and through her

16 attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, ASSET

17 ACCEPTANCE LLC, alleges and affirmatively states as follows:

18                              **INTRODUCTION**

19      1.      The United States Congress has found abundant evidence of the use of abusive,

20 deceptive, and unfair debt collection practices by many debt collectors, and has determined that

21 abusive debt collection practices contribute to the number of personal bankruptcies, to marital

22 instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair

23 Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate

24 abusive debt collection practices by debt collectors, to insure that those debt collectors who

25 refrain from using abusive debt collection practices are not competitively disadvantaged, and to

                                       - 1 -

promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2.      The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3.      Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of ASSET ACCEPTANCE, LLC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.      For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

5.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

6.      Because Defendant conducts business in the state of California, personal jurisdiction is established.

VERIFIED COMPLAINT

7.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

8.    Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9.    Plaintiff is a natural person who resides in the City of Alameda, County of Alameda, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10.    Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business headquarters in the City of Warren, County of Macomb, State of Michigan.

12.    Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

///

///

///

- 3 -

VERIFIED COMPLAINT

## FACTUAL ALLEGATIONS

14.    On or about October 2007, Plaintiff began receiving constant and continuous collection calls from Defendant seeking and demanding payment on an alleged debt originally owed to Bally's gym.

15.    Defendant placed collection calls to Plaintiff and caused her telephone to ring numerous times a day nearly every day until approximately January of 2008.  (See Exibit A).

16.    Plaintiff does not owe the alleged debt and has informed Defendant accordingly on numerous occasions.  (See Exhibit A).

17.    While demanding payment, Defendant has informed Plaintiff that the debt she allegedly owes has risen from $1,207 to $2,645.  (See Exhibit A).

18.    Defendant has continuously placed collection calls to Plaintiff and either immediately hung up or failed to identify the caller.  (See Exhibit A).

19.    Defendant has continuously placed collection calls to Plaintiff and failed to inform her that Defendant is a debt collector.  (See Exhibit A).

20.    Defendant has reported the alleged to credit bureaus after being informed by Plaintiff that she does not owe the alleged debt.  (See Exhibit A).

21.    On or about May 27, 2008, Plaintiff retained KROHN & MOSS, LTD., to be her legal representation in the present matter.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

22.    Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

23.    Defendant **violated the FDCPA**.  Defendant's violations include, but are not limited to the following:

-4-

a).     Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents and employees, excessively placed collection calls and caused Plaintiff's phone to ring excessively.

b).     Defendant violated the FDCPA § 1692d(6) when Defendant, through its agents and employees, failed to meaningfully identify itself by hanging up the line or remaining silent.

c).     Defendant violated the FDCPA § 1692e(2)(A) when Defendant, through its agents and employees, falsely represented the amount, character and legal status of the alleged debt by asserting to Plaintiff that she owed it and was legally responsible for it.

d).     Defendant violated the FDCPA § 1692e(8) when Defendant, through its agents and employees, failed to communicate to the appropriate credit bureaus that Plaintiff disputed the alleged debt after being informed on numerous occasions by Plaintiff that she does not owe the debt.

e).     Defendant violated the FDCPA § 1692e(11) when Defendant, through its agents and employees, continuously failed to identify it self as debt collector and inform Plaintiff that information sought would be used for that purpose.

f).     Defendant violated the FDCPA § 1692f(1) when Defendant, through its agents and employees, sought collection of and demanded payment for a debt that Plaintiff does not owe and thus not permitted by law.

24.     As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation.  (See Exhibit B).

## COUNT II

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

25.     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

- 5 -

VERIFIED COMPLAINT

26.     Defendant **violated the RFDCPA**.  Defendant's violations include, but are not limited to the following:

a).     Defendant violated the RFDCPA § 1788.11(b) when Defendant, through its agents and employees, failed to properly identify itself as a debt collector.

b).     Defendant violated the RFDCPA § 1788.11(d) when Defendant, through its agents and employees, placed collection calls to Plaintiff and caused her phone to ring repeatedly and continuously as to annoy her.

c).     Defendant violated the RFDCPA § 1788.11(e) when Defendant, through its agents and employees, communicated with Plaintiff by telephone at such a high frequency as to constitute harassment.

d).     Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents and employees, continuously failed to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.*

27.     As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety and humiliation.  (See Exhibit B).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

28. Declaratory judgment that the Defendant's conduct violated the FDCPA.

29. Declaratory judgment that the Defendant's conduct violated the RFDCPA.

30. Actual damages.

31. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

32. Statutory damages pursuant to the RFDCPA, Cal. Civ. 1788.30(b).

33. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k and the RFDCPA, Cal Civ. 1788.30(c).

///

- 6 -

34. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED:  June 24, 2008

KROHN & MOSS, LTD.

By:

Nicholas J. Bontrager
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Wendolyn Jackson, hereby demands trial by jury in this action.

///
///
///
///
///
///
///
///
///
///

- 7 -

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA)

Plaintiff, WENDOLYN JACKSON, says as follows:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, WENDOLYN JACKSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _June 25, 2008_

_Wendolyn M. Jackson_
Wendolyn Jackson,
Plaintiff

- 8 -

VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT A</u>**

VERIFIED COMPLAINT



## AFFIDAVIT OF WENDOLYN JACKSON

**STATE OF CALIFORNIA**    )

**COUNTY OF ALAMEDA**  )

    WENDOLYN JACKSON being first duly sworn, deposes and says that she is of suitable age and discretion to testify in a Court of law and that she makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1.    ASSET ACCEPTANCE, LLC is calling me nearly every day in an attempt to collect on an alleged debt.

2.    I do not even owe the alleged debt that ASSET ACCEPTANCE, LLC is calling me about.

3.    ASSET ACCEPTANCE, LLC representatives have placed telephone calls without properly identifying themselves.

4.    ASSET ACCEPTANCE, LLC said that the original amount of the debt was $1,207 and now they say I owe $2,645.

5.    Representatives of ASSET ACCEPTANCE, LLC have failed to state in every conversation that they are a debt collector.

6.    ASSET ACCEPTANCE, LLC have put this alleged debt on my credit, even after I told them that I do not owe this alleged debt.

Further, Deponent sayeth not.

State of California         **JURA...**
County of Alameda
Subscribed and sworn to (or affirmed) before
me on this 31ˢᵗ day of JAN , 2008
by WENDOLYN M. JACKSON
                 proved to me on the
basis of satisfactory evidence to be the person(s)
who appeared before me.
Signature _____

**Wendolyn Jackson**

ARIF KHAN
COMM. # 1741686
NOTARY PUBLIC-CALIFORNIA
ALAMEDA COUNTY
MY COMM. EXP. MAY 22, 2011

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## **EXHIBIT B**

VERIFIED COMPLAINT

## DEBT COLLECTION DAMAGES SUFFERED

"Damages" are an element of your case which must be established. This form will help us determine and assess what is known as "actual damages". *Please be honest* in your answers. If you are being abused by debt collectors, the law presumes you have been damaged in some way and you are likely to recover for those damages. These answers, however, will affect *additional damages*.

Do you feel you suffer from any of the following due to, or made worse by, the actions of abusive debt collection activities?

1.  Sleeplessness — YES  NO
2.  Fear of answering the telephone — YES  NO
3.  Nervousness — YES  NO
4.  Fear of answering the door — YES  NO
5.  Embarrassment when speaking with family or friends — YES  NO
6.  Depressions (sad, anxious, or "empty" moods) — YES  NO
7.  Chest pains — YES  NO
8.  Feelings of hopelessness, pessimism — YES  NO
9.  Feelings of guilt, worthlessness, helplessness — YES  NO
10. Appetite and/or weight loss or overeating and weight gain — YES  NO
11. Thoughts of death, suicide or suicide attempts — YES  NO
12. Restlessness or irritability — YES  NO
13. Headache, nausea, chronic pain or fatigue — YES  NO
14. Negative impact on my job — YES  NO
15. Negative impact on my relationships — YES  NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: This situation caused such a lasting negative impact on my life, to the point I really rarely answer my phone anymore. Being that this debt remained on my credit report so long, it had a large & still does have a negative impact as far as my job search and credit rating, which I am sure this debtor wanted to happen in the first place. I have been having feelings of low self-esteem, being that I have not been able to hold down a real job in my field of work.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6-25-08

_Wendolyn M. Jackson_
Signed Name

WENDOLYN M. JACKSON
Printed Name

E-filing

**FILED**

JUL - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1 | Nicholas J. Bontrager, Esq. (SBN 252114)
2 | Krohn & Moss, Ltd.
   | 5055 Wilshire Blvd, Suite 300
3 | Los Angeles, CA 90036
   | T: (323) 988-2400; F: (866) 802-0021
4 | Attorneys for Plaintiff,

5

### UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

6

### OAKLAND DIVISION

7

| | |
|---|---|
| Wendolyn Jackson | Case No.: **C08-03270** |
| Plaintiff, | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| Asset Acceptance, LLC | |
| Defendant. | |

### COMPLAINT

COMES NOW the Plaintiff, WENDOLYN JACKSON ("Plaintiff"), by and through her

attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, ASSET

ACCEPTANCE LLC, alleges and affirmatively states as follows:

### INTRODUCTION

1.      The United States Congress has found abundant evidence of the use of abusive,

deceptive, and unfair debt collection practices by many debt collectors, and has determined that

abusive debt collection practices contribute to the number of personal bankruptcies, to marital

instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair

Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate

abusive debt collection practices by debt collectors, to insure that those debt collectors who

refrain from using abusive debt collection practices are not competitively disadvantaged, and to

- 1 -

promote consistent State action to protect consumers against debt collection abuses.  (15 U.S.C. 1692(a) – (e)).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of ASSET ACCEPTANCE, LLC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

6. Because Defendant conducts business in the state of California, personal jurisdiction is established.

- 2 -

VERIFIED COMPLAINT

7.   Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

8.   Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9.   Plaintiff is a natural person who resides in the City of Alameda, County of Alameda, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10.   Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11.   Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business headquarters in the City of Warren, County of Macomb, State of Michigan.

12.   Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.   Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

///

///

///

- 3 -

VERIFIED COMPLAINT

# FACTUAL ALLEGATIONS

14.     On or about October 2007, Plaintiff began receiving constant and continuous collection calls from Defendant seeking and demanding payment on an alleged debt originally owed to Bally's gym.

15.     Defendant placed collection calls to Plaintiff and caused her telephone to ring numerous times a day nearly every day until approximately January of 2008.  (See Exibit A).

16.     Plaintiff does not owe the alleged debt and has informed Defendant accordingly on numerous occasions.  (See Exhibit A).

17.     While demanding payment, Defendant has informed Plaintiff that the debt she allegedly owes has risen from $1,207 to $2,645.  (See Exhibit A).

18.     Defendant has continuously placed collection calls to Plaintiff and either immediately hung up or failed to identify the caller.  (See Exhibit A).

19.     Defendant has continuously placed collection calls to Plaintiff and failed to inform her that Defendant is a debt collector.  (See Exhibit A).

20.     Defendant has reported the alleged to credit bureaus after being informed by Plaintiff that she does not owe the alleged debt.  (See Exhibit A).

21.     On or about May 27, 2008, Plaintiff retained KROHN & MOSS, LTD., to be her legal representation in the present matter.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

22.     Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

23.     Defendant **violated the FDCPA**.  Defendant's violations include, but are not limited to the following:

- 4 -

VERIFIED COMPLAINT

a).    Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents and employees, excessively placed collection calls and caused Plaintiff's phone to ring excessively.

b).    Defendant violated the FDCPA § 1692d(6) when Defendant, through its agents and employees, failed to meaningfully identify itself by hanging up the line or remaining silent.

c).    Defendant violated the FDCPA § 1692e(2)(A) when Defendant, through its agents and employees, falsely represented the amount, character and legal status of the alleged debt by asserting to Plaintiff that she owed it and was legally responsible for it.

d).    Defendant violated the FDCPA § 1692e(8) when Defendant, through its agents and employees, failed to communicate to the appropriate credit bureaus that Plaintiff disputed the alleged debt after being informed on numerous occasions by Plaintiff that she does not owe the debt.

e).    Defendant violated the FDCPA § 1692e(11) when Defendant, through its agents and employees, continuously failed to identify it self as debt collector and inform Plaintiff that information sought would be used for that purpose.

f).    Defendant violated the FDCPA § 1692f(1) when Defendant, through its agents and employees, sought collection of and demanded payment for a debt that Plaintiff does not owe and thus not permitted by law.

24.    As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation.  (See Exhibit B).

## COUNT II

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

25.    Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

- 5 -

VERIFIED COMPLAINT

26.     Defendant **violated the RFDCPA**. Defendant's violations include, but are not limited to the following:

a).     Defendant violated the RFDCPA § 1788.11(b) when Defendant, through its agents and employees, failed to properly identify itself as a debt collector.

b).     Defendant violated the RFDCPA § 1788.11(d) when Defendant, through its agents and employees, placed collection calls to Plaintiff and caused her phone to ring repeatedly and continuously as to annoy her.

c).     Defendant violated the RFDCPA § 1788.11(e) when Defendant, through its agents and employees, communicated with Plaintiff by telephone at such a high frequency as to constitute harassment.

d).     Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents and employees, continuously failed to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

27.     As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety and humiliation. (See Exhibit B).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

28. Declaratory judgment that the Defendant's conduct violated the FDCPA.

29. Declaratory judgment that the Defendant's conduct violated the RFDCPA.

30. Actual damages.

31. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

32. Statutory damages pursuant to the RFDCPA, Cal. Civ. 1788.30(b).

33. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k and the RFDCPA, Cal Civ. 1788.30(c).

///

- 6 -

34. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED:  June 24, 2008

KROHN & MOSS, LTD.

By:

Nicholas J. Bontrager
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Wendolyn Jackson, hereby demands trial by jury in this action.

///
///
///
///
///
///
///
///
///
///

- 7 -

1

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

2

3   STATE OF CALIFORNIA)

4        Plaintiff, WENDOLYN JACKSON, says as follows:

5

6   1.   I am the Plaintiff in this civil proceeding.
    2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe
7        that all of the facts contained in it are true, to the best of my knowledge, information
         and belief formed after reasonable inquiry.
8   3.   I believe that this civil Complaint is well grounded in fact and warranted by existing
         law or by a good faith argument for the extension, modification or reversal of existing
9        law.
    4.   I believe that this civil Complaint is not interposed for any improper purpose, such as
10       to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
         needless increase in the cost of litigation to any Defendant(s), named in the
11       Complaint.
    5.   I have filed this Complaint in good faith and solely for the purposes set forth in it.
12  6.   Each and every exhibit I have provided to my attorneys which has been attached to
         this Complaint is a true and correct copy of the original.
13  7.   Except for clearly indicated redactions made by my attorneys where appropriate, I
         have not altered, changed, modified or fabricated these exhibits, except that some of
14       the attached exhibits may contain some of my own handwritten notations.

15

16        Pursuant to 28 U.S.C. § 1746(2), I, WENDOLYN JACKSON, hereby declare (or
    certify, verify or state) under penalty of perjury that the foregoing is true and correct.

17

18  Dated: June 25, 2008

19                                          Wendolyn Jackson,
                                            Plaintiff
20

21

22

23

24

25

- 8 -

VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

VERIFIED COMPLAINT

(EX # 1)

## AFFIDAVIT OF WENDOLYN JACKSON

STATE OF CALIFORNIA   )

COUNTY OF ALAMEDA   )

    WENDOLYN JACKSON being first duly sworn, deposes and says that she is of suitable age and discretion to testify in a Court of law and that she makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1.     ASSET ACCEPTANCE, LLC is calling me nearly every day in an attempt to collect on an alleged debt.

2.     I do not even owe the alleged debt that ASSET ACCEPTANCE, LLC is calling me about.

3.     ASSET ACCEPTANCE, LLC representatives have placed telephone calls without properly identifying themselves.

4.     ASSET ACCEPTANCE, LLC said that the original amount of the debt was $1,207 and now they say I owe $2,645.

5.     Representatives of ASSET ACCEPTANCE, LLC have failed to state in every conversation that they are a debt collector.

6.     ASSET ACCEPTANCE, LLC have put this alleged debt on my credit, even after I told them that I do not owe this alleged debt.

Further, Deponent sayeth not.

*Wendolyn Jackson*

**Wendolyn Jackson**

State of California         **JURA**
County of Alameda
Subscribed and sworn to (or affirmed) before
me on this 31ˢᵗ day of JAN , 2008
by WENDOLYN M. JACKSON
proved to me on the
basis of satisfactory evidence to be the person(s)
who appeared before me.
Signature _____

ARIF KHAN
COMM. # 1741686
NOTARY PUBLIC-CALIFORNIA
ALAMEDA COUNTY
MY COMM. EXP. MAY 22, 2011

**EXHIBIT B**

- 10 -

VERIFIED COMPLAINT

## DEBT COLLECTION DAMAGES SUFFERED

"Damages" are an element of your case which must be established. This form will help us determine and assess what is known as "actual damages". *Please be honest* in your answers. If you are being abused by debt collectors, the law presumes you have been damaged in some way and you are likely to recover for those damages. These answers, however, will affect *additional damages*.

Do you feel you suffer from any of the following due to, or made worse by, the actions of abusive debt collection activities?

1. Sleeplessness — YES NO
2. Fear of answering the telephone — YES NO
3. Nervousness — YES NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — YES NO
6. Depressions (sad, anxious, or "empty" moods) — YES NO
7. Chest pains — YES NO
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — YES NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — YES NO
15. Negative impact on my relationships — YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: This situation caused such a lasting negative impact on my life, to the point I really rarely answer my phone anymore. Being that this debt remained on my credit report so long, it had a large & still does have a negative impact as far as my job search and credit rating, which I am sure this debtor wanted to happen in the first place. I have been having feelings of low self-esteem, being that I have not been able to hold down a real job in my field of work.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6-25-08

*Wendolyn M. Jackson*
Signed Name

WENDOLYN M. JACKSON
Printed Name