TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendant
Asset Acceptance, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WENDOLYN JACKSON, | CASE NO.: C08-03270 CW |
| Plaintiff, | **ANSWER OF DEFENDANT TO COMPLAINT** |
| vs. | |
| ASSET ACCEPTANCE, LLC | |
| Defendant. | |

Defendant ASSET ACCEPTANCE, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff WENDOLYN JACKSON ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant avers that the contents of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq*. (the "FDCPA") are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant avers that the contents of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. (the "Rosenthal Act") are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. Denied.

4. Defendant avers that no response to Paragraph 3 of the Complaint is required of it.

5. In answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), and that supplemental jurisdiction over Plaintiff's state law claims arises under 28 U.S.C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendant admits that it conducts interstate business with residents of the State of California and that Plaintiff alleges that personal jurisdiction is established. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. In answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff alleges that venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2). Except as herein admitted, the remaining allegations of Paragraph 7 are denied

8. Denied.

1    9.   Defendant admits the allegations of Paragraph 9 on information and
2  belief.
3    10.  Defendant admits the allegations of Paragraph 9 on information and
4  belief.
5    11.  In answering Paragraph 11 of the Complaint, Defendant admits that it
6  is a Delaware limited liability company with its principal place of business located
7  in the City of Warren, County of Macomb, State of Michigan. Except as herein
8  admitted, the remaining allegations of Paragraph 11 are denied.
9    12.  In answering Paragraph 12 of the Complaint, Defendant admits that it
10 uses the mail and instruments of interstate commerce to conduct its business.
11 Defendant further admits that it has, at times, acted as a "debt collector" as defined
12 by the FDCPA, 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining
13 allegations of Paragraph 12 are denied.
14   13.  In answering Paragraph 13 of the Complaint, Defendant admits that it
15 is not a "firm of attorneys or counselors at law" and that it has, at times, acted as a
16 "debt collector" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(c).
17 Except as herein admitted, the remaining allegations of Paragraph 13 are denied.
18   14.  In answering Paragraph 14 of the Complaint, Defendant admits that
19 Plaintiff incurred a debt to Bally's gym and that Defendant placed telephone calls
20 to Plaintiff in an attempt to collect the balance due on that debt. Except as herein
21 admitted, the remaining allegations of Paragraph 14 are denied.
22   15.  Denied.
23   16.  Denied.
24   17.  Denied.
25   18.  Denied.
26   19.  Denied.
27   20.  In answering Paragraph 19 of the Complaint, Defendant admits that it
28 has reported Plaintiff's debt to consumer reporting agencies. Except as herein

admitted, the remaining allegations of Paragraph 19 are denied.

21. Defendant admits, on information and belief, that Krohn & Moss, Ltd. represents Plaintiff in this action. Defendant lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 21 of the Complaint and on that basis, deny them.

22. Defendant incorporates by reference paragraphs 1 through 21 above as if fully stated herein.

23. Denied.

24. Denied.

25. Defendant incorporates by reference paragraphs 1 through 23 above as if fully stated herein.

26. Denied.

27. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

//
//
//
//
//

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

//
//
//

## ELEVENTH AFFIRMATIVE DEFENSE
## (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
## (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes on her unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Preemption)

Plaintiff's claims are preempted and/or barred in whole or in part by the provisions of the Fair Credit Reporting Act.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (Standing)

Plaintiff lacks standing to pursue her claims against Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA and the Rosenthal Act must be rejected

as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff costs according to proof.

3. That Defendant recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: August 8, 2008                     SIMMONDS & NARITA LLP
                                          TOMIO B. NARITA
                                          JEFFREY A. TOPOR


                                    By:   s/Jeffrey A. Topor
                                          Jeffrey A. Topor
                                          Attorneys for Defendant
                                          Asset Acceptance, LLC